```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

TERRELL C. COLEMAN, II and WILLIE B.
CROCKER, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

vs.                                    Case No.  3:05-cv-1152-J-33MMH

PATRIOT LOGISTICS, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiffs' Unopposed Motion and Memorandum to Approve Class Action Settlement (Doc. # 49), submitted on behalf of both Plaintiffs and Defendant on October 23, 2006 and Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees and Costs (Doc. # 45), submitted on October 20, 2006.  Upon consideration, the Court finds, concludes, and orders as follows:

    1.   The Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e)(1)(C) and <u>Bennett v. Behring Corp.</u>,  737 F.2d 982, 986 (11th Cir. 1984), because:

        a.   The Settlement Agreement is not the result of fraud or collusion;

        b.   Plaintiffs' likelihood of success at trial is not certain due to Patriot's potentially formidable defenses to Plaintiffs' Complaint;

    c.    The settlement amount of $315,000 is fair, adequate, and reasonable in light of the range of possible recovery and of the benefit that all current and future Patriot owner-operators will derive from the requirement in the Settlement Agreement that Patriot implement its new Independent Contractor Operating Agreement (attached as <u>Exhibit B</u> to the Settlement Agreement), which complies with the federal Truth-in-Leasing Regulations, 49 C.F.R. Part 376;

    d.    The complexity, expense, and duration of the litigation favors settlement;

    e.    The lack of opposition to the Settlement Agreement favors approval of the settlement; and

    f.    Sufficient discovery has been performed in order to permit the Parties and the Court to evaluate the fairness, adequacy, and reasonableness of the Settlement Agreement.

2.    The Plaintiff Class, as proposed-- comprising owner-operators who, after November 4, 2000, and through July 10, 2006, the date the Court approved the Class Notice to all class members ("Class Period"), had or have contracted to provide commercial motor vehicles, and driving and related services, to

Patriot under leases entered into with Patriot-- is a properly defined class;

    3.    The Plaintiff Jacksonville Subclass, as proposed-- a subclass of the Plaintiff Class comprising all such owner-operator who, at any time during the Class Period, were based at the Patriot terminal in Jacksonville, Florida-- is a properly defined subclass;

    4.    The requirements of Fed. R. Civ. P. 23(a) are met because:

        a.    The proposed Plaintiff Class has approximately 1,163 owner-operator members. The proposed Plaintiff Jacksonville Subclass has approximately 139 owner-operator members. Accordingly, the Plaintiff Class and the Plaintiff Jacksonville Subclass each is so numerous that joinder of all members is impracticable;

        b.    There are questions of law or fact common to the Plaintiff Class, including, without limitation, whether Patriot paid interest on class members' escrow funds. There are questions of law or fact common to the Plaintiff Jacksonville Subclass, including whether Patriot relied, at its Jacksonville terminal alone, in part on origin-destination flat-rate schedules to disclose

        and compute compensation payable to owner-operators;

    c. Plaintiffs Coleman and Crocker, the proposed Class and Subclass representatives, who are based at Patriot's Jacksonville terminal, have asserted claims typical of the claims of the Class and Subclass;

    d. Plaintiffs Coleman and Crocker will fairly and adequately protect the interests of the Plaintiff Class and the Plaintiff Jacksonville Subclass; and

    e. Barbara Slott Pegg, Esq., of Ponte Vedra Beach, FL, and Tomchin & Odom, P.A., of Jacksonville, FL, have extensive experience litigating class actions and therefore are qualified to serve as Plaintiff Class and Plaintiff Jacksonville Subclass counsel.

5. The requirements of Fed. R. Civ. P. 23(b)(2) are met because Patriot (the party opposing the Class and Subclass) has acted or refused to act on grounds generally applicable to the Class by, for example, allegedly not paying interest on class members' escrow funds and on grounds generally applicable to the Subclass by, for example, allegedly having relied, at its Jacksonville terminal alone, in part on origin-destination flat-rate schedules to disclose and compute compensation payable to owner-operators.

6.   After consideration of the relevant Johnson factors, see Johnson v. Georgia Highway Express, 488 F.2d 714, 717-719 (5th Cir. 1974), and finding *inter alia*, that Class counsel are highly skilled and experienced; have expended significant time investigating and analyzing the facts and the law related to the claims and defenses raised by the parties in this lawsuit; meeting and discussing the issues in this case with their clients; drafting pleadings and motions; analyzing over 20,000 documents furnished by Defendant, as well as additional relevant data produced by Plaintiffs in discovery; assisting their clients in responding to discovery requests from Defendant; participating in vigorous and lengthy settlement negotiations; and responding and continuing to respond to inquiries by class members who have received their Notice of Class Action; and further finding that as a result of Class counsel's efforts, significant benefits have been obtained for the Class; Class counsel's fees are customary and the award is consistent with awards in similar cases; it is the conclusion of this Court that the amount of $200,000.00 payable to Plaintiffs' counsel for costs and attorney's fees is determined to be a fair and reasonable amount to cover the work performed by Plaintiffs' counsel in filing and litigating this case and in continuing to represent Plaintiffs in carrying out their obligations under the Settlement Agreement.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. That Plaintiffs' Unopposed Motion and Memorandum to Approve Class Action Settlement (Doc. # 49) is **GRANTED.**

2. That the Plaintiff Class and Plaintiff Jacksonville Subclass are certified; that the Settlement Agreement between the Parties, effective June 8, 2006, be, and it hereby is, approved; and that the Parties shall adhere to and perform the Settlement Agreement's terms.

3. That Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees and Costs (Doc. # 45) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 25th day of October, 2006.

                                  VIRGINIA M. HERNANDEZ COVINGTON
                                  UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record